IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY O'BRIEN and CHRISTINE O'BRIEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED INTERSTATE, INC.,<br><br>Defendant. | 12-cv-107<br><br>JURY DEMANDED |

## CLASS ACTION COMPLAINT

1. Plaintiffs Timothy O'Brien and Christine O'Brien bring this action against debt collection agency Allied Interstate, Inc. ("Allied") to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff Christine O'Brien individually complains of Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

2. The Defendant debt collection agency called Plaintiffs' cell phones using an automatic telephone dialing system. Defendant failed to give Plaintiff Christine O'Brien certain disclosures required by Section 1692(g) of the FDCPA, as well as placed telephone calls to Plaintiff Timothy O'Brien in violation of Section 1692(c) of the FDCPA.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiffs Timothy O'Brien and Christine O'Brien are husband and wife who are citizens of Illinois and reside within this judicial district.

4. Defendant Allied is a debt collection agency that regularly attempts to collect

1

consumer debts in this District.

5. Allied is a Minnesota corporation with its principal offices in Minnesota. It is therefore deemed to be a citizen of Minnesota pursuant to 28 U.S.C. § 1332(c)(1).

6. Allied is owned by publically traded parent company, Iqor, Inc., which administers and maintains Allied's dialing equipment.

7. This Court has federal question subject matter jurisdiction over Plaintiffs' FDCPA and TCPA claims pursuant to 28 U.S.C. § 1331 in that they arise under federal law. *See*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or overruled, this Court has supplemental jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C § 1367(a).

8. This Court also has diversity jurisdiction over Plaintiffs' TCPA claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state different than that of, and the amount in controversy exceeds $5,000,000; specifically Plaintiffs and some class members are citizens of Illinois and Defendant is a citizen of Minnesota.

9. This Court has general and specific personal jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209(a)(1) and (2) in that Defendant is a debt collector licensed by the Illinois Department of Professional Regulation pursuant to the Illinois Collection Agency Act, maintains a registered agent for purposes of accepting service of process within this judicial district, and committed a substantial part of the conduct complained of within Illinois.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) because a substantial portion of the events complained of occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

11. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones.

12. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011)(emphasis original); *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14093.

13. Allied used dialing equipment, along with Aspect Software, to dial telephone calls in 2010. Exhibit A. Allied has at least fourteen dialers.

14. Upon information and belief, Allied made more than ten million collection calls using its Aspect dialers in 2011, before the filing date of this lawsuit.

15. The dialing equipment Allied used in 2011 had the capacity to dial numbers as part of a dialing campaign in which a person loaded a batch of telephone numbers into the system and the system automatically dialed the numbers.

16. Defendant called Plaintiff Christine O'Brien's cellular telephone multiple times in October and November 2011 in connection with its attempt to collect an alleged debt from her.

17. Plaintiff Christine O'Brien did not voluntarily give the phone number 312-498-8488 to any person in connection with the alleged debt, including Defendant or the alleged original creditor.

18. Defendant called Plaintiff Timothy O'Brien's cellular telephone multiple times in October and November 2011 in connection with its attempt to collect an alleged debt from Plaintiff Christine O'Brien.

19. Plaintiff Timothy O'Brien is not the alleged debtor of the account upon which Allied was attempting to collect, nor did he voluntarily give the cellular phone number 312-371-4540 to any person in connection with the alleged debt, including Defendant or the alleged original creditor.

20. Allied used the same equipment it uses to perform dialing campaigns to call Plaintiffs in October and November 2011.

21. Defendant's calls damaged Plaintiffs and the class members by forcing them to use paid airtime to tend to the unwanted and uninvited calls, invading their privacy, and creating an annoyance.

## COUNT I – TCPA

22. Plaintiffs incorporate all previous paragraphs of this complaint.

23. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

24. Defendant violated the TCPA by making calls to Plaintiffs' and the class members' cellular telephones using an automatic telephone dialing system.

25. Defendant's calls to Plaintiffs' and the class members cellular telephones were made negligently, or alternatively, they were willful. 47 U.S.C. § 312(f)(1).

## CLASS ALLEGATIONS

26. Plaintiffs brings Count I on behalf of a class, which consists of:

**All persons with Illinois telephone numbers who Defendant or some person on its behalf called on their cell phones using a device that has the capacity to dial numbers without human intervention, where Defendant cannot show that the**

**phone number was provided by the called party with respect to the alleged debt that was being collected, where any call was made between and including a date one year prior to the filing of this action, and within twenty days after the filing of this action.**

27. Upon information and belief, based upon industry practices, Defendant called more than 10,000 Illinois cell phone numbers during 2011, where Defendant (or the alleged original creditor) did not obtain the cell phone number from the called party with respect to the debt being collected.

28. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiffs. Such questions common to the class include, but are not limited to:

   a. Whether Defendant used an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders;

   b. Whether obtaining a cellular telephone number from a source other than from the called party permits a debt collector to call that number using an automatic telephone dialing system; and

   c. Damages, including whether the violation was willful.

29. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and have retained counsel competent and experienced in class and complex litigation.

30. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail.

31. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

32. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the Class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

33. The identities of class members are readily ascertainable from records in Defendant or its agent's exclusive possession or control.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, Plaintiffs Timothy O'Brien and Christine O'Brien request that the Court enter judgment in favor of themselves and the class members and against Defendant Allied Interstate, Inc. for the following:

    a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    b. A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

    c. Any other relief the Court finds just and proper.

### COUNT II – FDCPA

35. Plaintiff Christine O'Brien incorporates all previous paragraphs of this complaint.

36. Defendant had adequate location information for the alleged debtor of the account on which it was attempting to collect when it made calls to Timothy O'Brien's cellular telephone.

37. Allied had no legitimate reason to call Timothy O'Brien; its calls therefore violated 15 U.S.C. §§ 1692d, 1692e and 1692f.

WHEREFORE, Plaintiff Christine O'Brien requests that the Court enter judgment in her favor and against Defendant Allied Interstate, Inc. for the following:

    a. Statutory damages;

    b. Attorney's fees and costs of suit; and

    c. Any other relief the Court finds just and appropriate.

TIMOTHY O'BRIEN AND CHRISTINE O'BRIEN

/s/ Alexander H. Burke
One of their attorneys

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Jason G. Shanfield
Shanfield Law Firm, Ltd.
833 N. Hoyne Ave.
Chicago, IL 60622
(312) 638-0819
jason@shanfieldlawfirm.com

**JURY DEMAND**

Plaintiffs demand trial by jury.

/s/ Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

Jason G. Shanfield
Shanfield Law Firm, Ltd.
833 N. Hoyne Ave.
Chicago, IL 60622
(312) 638-0819
jason@shanfieldlawfirm.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiffs hereby demand that the Defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiffs or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiffs or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, plaintiffs demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

                                                                                                            /s/ Alexander H. Burke